IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANDREW CALKINS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVIS SCHOOL DISTRICT, et al,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE**<br><br>Case No. 1:18-cv-00053-RJS<br><br>Chief Judge Robert J. Shelby |

　　　　Pro se Plaintiff Andrew Calkins, proceeding *in forma pauperis*, brings this action against Defendants Becky Williams, Brad Vallace, and Laura Bond of Davis School District (Davis School District Defendants), Matthew Combs and J. C. Ynchausti of Bountiful City (Bountiful City Defendants), Melinda Caraballo of the United States Equal Opportunity Commission[1] (EOC Defendant),[2] and Judge David Nuffer of the District of Utah, alleging employment and other forms of discrimination under Title VII of the Civil Rights Act of 1964.  For the reasons set forth below, the court DISMISSES with prejudice Calkins' Complaint against Defendants pursuant to 28 U.S.C. § 1915(e)(2).

## BACKGROUND

　　　　In 2015, Calkins filed a lawsuit against the Davis School District, Bountiful City, and EOC Defendants, alleging Title VII violations against him while he worked for Davis School

---

[1] Calkins names the "U.S. Equal Opportunity Commission" as a Defendant.  Presumably, Calkins intended to name the Equal Employment Opportunity Commission, but the court will refer to this Defendants by the name used in the Complaint.

[2] Calkins' Complaint is unclear whether Davis School District, Bountiful City, and the U.S. Equal Opportunity Commission are themselves named Defendants.  However, as explained below, the named Defendants in this Complaint are identical to those named in a prior suit, with the exception of Judge Nuffer.

District as a general custodian at Bolton Elementary School (*Calkins I*).³  That action was assigned to Judge Nuffer.  The nature and variety of Calkins' claims are not clear from the *Calkins I* Complaint, but he appears to allege Title VII violations including hostile work environment, harassment, retaliation, and discrimination based on religion and marital status.⁴

That case was referred to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B) to handle, up to and including a report and recommendation on all dispositive matters.⁵  The Defendants each filed Motions to Dismiss Calkins' Complaint,⁶ and Judge Furse issued a Report and Recommendation with respect to each motion (the Reports) recommending they be granted.⁷  Judge Nuffer adopted the recommendations on April 13, 2017, dismissing Calkins' Complaint and allowing him thirty days to amend.⁸  Judge Nuffer's Order also warned Calkins that "[f]ailure to submit an amended complaint within thirty days will result in dismissal of all claims with prejudice and closure of the case."⁹  Calkins failed to amend.  On September 25, 2017, Judge Nuffer dismissed the case with prejudice for failure to prosecute pursuant to Local Rule 42-1.¹⁰

---

³ Dkt. 3 in case number 1:15-cv-00060-DN (*Calkins I*).  For clarity, the court will cite to *Calkins I* docket entries by using the following convention: "*Calkins I*, Dkt. X."  The court will cite to docket entries in the instant case (*Calkins II*) using the convention "Dkt. X."

⁴ *See Calkins I*, Dkt. 3 (Complaint).

⁵ *Calkins I*, Dkt. 4.

⁶ *See Calkins I*, Dkts. 15, 18, 21.  No motion was filed on behalf of Defendant Brad Vallace because his service was returned unexecuted.  *Calkins I*, Dkt. 14.  Therefore, Judge Nuffer determined he was not properly before the court. *See Calkins I*, Dkt. 26 (Judge Nuffer's Order) at 2.

⁷ *Calkins I*, Dkts. 23, 24, 25.

⁸ *Calkins I*, Dkt. 26 (Judge Nuffer's Order) at 3–4.

⁹ *Id.* at 4.

¹⁰ *See Calkins I*, Dkt. 27 (Order Dismissing Case); *see also* DUCivR 42-1.

On May 15, 2018, Calkins filed another lawsuit naming the same Defendants as in *Calkins I* and adding Judge Nuffer as an additional defendant (*Calkins II*).[11] The *Calkins II* Complaint is identical to the Complaint dismissed in *Calkins I*, except for two alterations: (1) it removes one line referencing a message Calkins left for the EOC; and (2) it adds a paragraph alleging Judge Nuffer was "incapable of understanding religious rights marriage (virgin rights) or what a hostile environment is," and that "[h]is intentional religious discrimination, and ignorance and unlawful dismissal of this complaint could cost [Calkins] more $1,000,000,000,000 quadrillion dollars."[12]

Calkins has taken no action in this case since filing his Complaint over three years ago. On June 4, 2021, following a series of recusals from other judges, this action was reassigned to the undersigned.

Now before the court is Calkin's Complaint in *Calkins II*.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(a), the court may allow a claimant to proceed *in forma pauperis* (IFP), "commenc[ing] . . . a [civil action] . . . without prepayment of fees," by submitting an affidavit that includes a statement of assets proving an inability to pay.[13] "The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)."[14] Indeed, the court must

---

[11] Dkt. 3 (Complaint).

[12] *Id.*

[13] 28 U.S.C. § 1915(a).

[14] *Smith v. Torrez*, 428 F. Supp. 3d 629, 633 (D.N.M. 2019) (citing *Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012)).

dismiss an IFP action at any time if the court determines the action is frivolous or malicious, or fails to state a claim on which relief may be granted.[15]

And while the pleadings of pro se plaintiffs, such as Calkins, are to be liberally construed, they must still "allege sufficient facts on which a recognized legal claim could be heard."[16]

## ANALYSIS

### I.  Calkins' Claims Against the Davis County School District, Bountiful City, and EOC Defendants are Barred by the Doctrine of Claim Preclusion

"[A] party who once had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so."[17]  For this reason, the doctrine of claim preclusion "prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment."[18]

Claim preclusion applies when three elements are met: "(1) a final judgment on the merits in an earlier action; (2) [the same] identity of parties or privies in the two suits; and (3) [the same] identity of the cause of action in both suits."[19]  However, claim preclusion does not apply if "the party resisting it did not have a 'full and fair opportunity to litigate' the claim in the prior action."[20]  This exception applies "only where the requirements of due process were not afforded—where a party shows 'a deficiency that would undermine the fundamental fairness of the original proceedings.'"[21]  Fairness "'is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the

---

[15] 28 U.S.C. § 1915(e)(2).

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006).

[18] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (citation omitted).

[19] *Id.*

[20] *Id.*

[21] *Johnson v. Spencer*, 950 F.3d 680, 709 (10th Cir. 2020) (citation omitted).

nature or relationship of the parties.'"[22]  Any "dismissal with prejudice is a final decision on the merits for claim preclusion."[23]

Here, Calkins' claims against the Davis County School District, Bountiful City, and EOC Defendants are barred by claim preclusion.  Calkins' Complaint in the instant action is identical to the Complaint he filed against these same Defendants in *Calkins I*.  This satisfies both the second and third requirements of claim preclusion—that the suit involve the same parties and the same claims.  The first requirement is satisfied because the *Calkins I* Complaint was dismissed with prejudice, which qualifies as a final decision on the merits for purposes of claim preclusion.[24]  Further, there was no deficiency in those proceedings that would compromise their fundamental fairness such that Calkins was deprived of a full and fair opportunity to litigate.  Indeed, Calkins' claims were first dismissed without prejudice when Judge Nuffer adopted the recommendations from Judge Furse, and Calkins was given thirty days to amend.[25]  In adopting the recommendations, Judge Nuffer cautioned that failure to amend would result in his claims being dismissed with prejudice.[26]  Calkins did not object to Judge Nuffer's Order, nor did he amend his Complaint.  His claims were ultimately dismissed with prejudice for failure to prosecute.[27]

Therefore, Calkins' claims against the Davis County School District, Bountiful City, and EOC Defendants are precluded and must be dismissed.

---

[22] *Id.*

[23] *Reyes v. Larimer Cty.*, 796 F. App'x 497, 499 (10th Cir. 2019) (citing *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1127, 1129 (10th Cir. 1991)).

[24] *Id.*

[25] *Calkins I*, Dkt. 26 (Judge Nuffer's Order) at 4.

[26] *Id.*

[27] *See Calkins I*, Dkt. 27 (Order Dismissing Case) at 1–2.

## II.  Calkins' Remaining Claims Against Judge Nuffer are Barred by the Doctrine of Judicial Immunity

Under the doctrine of judicial immunity, "[j]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."[28] This protection for judges mitigates "the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants" or against "charge[s] that in performing their judicial duties the judges of [a] court were engaging in a conspiracy against [a party]."[29] However, judicial immunity is overcome in two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[30] "[W]hether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity."[31]

Here, Calkins' claims against Judge Nuffer based on the dismissal of his Complaint in *Calkins I* are barred by the doctrine of judicial immunity. Judge Nuffer adopted the recommendations from Judge Furse to dismiss of Calkins' Complaint,[32] an action well within his judicial capacity.[33]

---

[28] *Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978).

[29] *Green v. Seymour,* 59 F.3d 1073, 1078 (10th Cir.1995) (citing *Pulliam v. Allen,* 466 U.S. 522, 537–38 (1984)).

[30] *Mireles v. Waco,* 502 U.S. 9, 11–12. (citations omitted).

[31] *Id.* at 12. (citations omitted).

[32] *See Calkins I*, Dkt. 26 (Judge Nuffer's Order).

[33] *See* Fed. R. Civ. P. 72(b); *Mireles,* 502 U.S. at 11.

Further, this judicial action was not taken "in the complete absence of all jurisdiction."[34] The court had jurisdiction over Calkins' claims because his allegations for violations of Title VII of the Civil Rights Act appear on the face of his Complaint, and Title VII provides a cause of action created by federal law.[35]

Therefore, Calkins' claims against Judge Nuffer must also be dismissed.[36]

### III.     Calkins' Claim Against Judge Nuffer is Also Dismissed as Frivolous

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action sua sponte when a plaintiff is proceeding *in forma pauperis* if the action is "frivolous or malicious."  A claim is frivolous where it "lacks an arguable basis either in law or in fact," meaning it presents an "inarguable legal conclusion [or] fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Calkins alleges Judge Nuffer is "incapable of understanding religious marriage (virgin rights) or what a hostile environment is."  Dkt. 3 (Complaint) at 4.  He goes on to allege "[Judge Nuffer's] intentional religious discrimination, and ignorance and unlawful dismissal of this complaint could cost me more $1,000,000,000,000 quadrillion dollars."  *Id.*  This is the extent of Calkins' allegations against Judge Nuffer.  Without more, these allegations lack an arguable basis in fact or law and present a fanciful factual allegation.  Therefore, even if judicial

---

[34] *See Mireles,* 502 U.S. at 12.

[35] *See Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (explaining that to find jurisdiction under 28 U.S.C. § 1331, a question of federal law must appear on the face of the plaintiff's well-pleaded complaint, and the plaintiff's cause of action must be created by federal law); *Hannah v. Cowlishaw*, 628 F. App'x 629, 632 (10th Cir. 2016) (explaining that Title VII of the Civil Rights Act of 1964 provides a cause of action against employer for various forms of discrimination.).

[36] *See Echols v. American Fork Investors*, 974 F.2d 1345 (10th Cir. 1992) (unpublished) (affirming a district court's granting motions to dismiss with prejudice claims against several judges based on judicial immunity); *see also Foerster v. Lubeck*, No. 2:14-CV-344-DB, 2014 WL 3858507, at *1 (D. Utah Aug. 5, 2014) (unpublished) (district court adopting report and recommendation recommending dismissal of claims with prejudice based on judicial immunity); *Chambers v. Gesell*, 120 F.R.D. 1, 3 (D.D.C. 1988) (dismissing case with prejudice based on judicial immunity).

immunity did not bar the claim against Judge Nuffer, the court would dismiss it as frivolous pursuant to § 1915(e).

## CONCLUSION

For the reasons stated,[37] and pursuant to 28 U.S.C. § 1915(e), Calkins' Complaint[38] and all claims against Defendants are DISMISSED with prejudice. The Clerk of Court is directed to close this case.

SO ORDERED this 30th day of September 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[37] The court notes that an additional basis to dismiss Calkins' Complaint is, again, for a failure prosecute under DUCivR 42-1. Under normal circumstances, the court would issue an order to show cause prompting the plaintiff to further action. However, given the unique circumstances of this case, and that Calkins has taken no further action in this case during the past three years, the court could alternatively dismiss Calkins' Complaint without prejudice for failure to prosecute.

[38] Dkt. 3.